AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 1

# UNITED STATES DISTRICT COURT

__MIDDLE__ District of __ALABAMA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For **Revocation** of Probation or Supervised Release) |
| ALTON MITCHELL | Case Number: 3:02-cr-00168-T (WO) |
| | USM Number: 11113-002 |
| | Kevin L. Butler |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

X  was found in violation of condition(s)  1 & 4 of the Petition  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The Defendant has Committed Another Federal, state or local crime | 08/10/2005 |
| 2 | The Defendant Associated with a Person Convicted of a Felony and was not Granted Permission to do so by the Probation Officer | 08/10/2005 |
| 3 | The Defendant Possessed, Procured, Purchased, or Otherwise Obtained Access to a Form of Computer Network, Bulletin Board, Internet, or Exchange Format Involving Computers Without the Specific Approval of the Probation Officer | 08/10/2005 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1981

Defendant's Residence Address:
Phenix City, Alabama

Defendant's Mailing Address:
Same as Above

September 14, 2005
Date of Imposition of Judgment

/s/ Myron Thompson
Signature of Judge

MYRON THOMPSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

9/19/2005
Date

| DEFENDANT: | ALTON MITCHELL | Judgment—Page 2 of 7 |
|---|---|---|
| CASE NUMBER: | 3:02-cr-00168-T | |

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 4 | The Defendant Failed to Pay Monetary Penalties in Accordance with The Schedule of Payments Set Forth by the Court | 08/10/2005 |

AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page 2 of 7

DEFENDANT: ALTON MITCHELL
CASE NUMBER: 3:02-cr-00168-T

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

Judgment — Page __3__ of __7__

DEFENDANT:         ALTON MITCHELL
CASE NUMBER:       3:02-cr-00168-T

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
12 MONTHS.  The term of supervised release imposed on March 14, 2003, is hereby REVOKED.

The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____ .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations
         Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:    ALTON MITCHELL
CASE NUMBER:  3:02-cr-00168-T

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 3C — Supervised Release

|  |  | Judgment—Page 5 of 7 |
|---|---|---|
| DEFENDANT: | ALTON MITCHELL | |
| CASE NUMBER: | 3:02-cr-00168-T | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in drug testing and treatment and shall contribute to the cost of any treatment based on his/her ability to pay and availability of third party payments.

2. The defendant shall participate in a mental health treatment program and contribute to the cost based on ability to pay and availability of third party payments.

3. The defendant shall submit to a search of his person, residence, office, and vehicle pursuant to the search policy of this Court.

4. The defendant shall not possess, procure, purchase, or otherwise obtain access to any form of computer network, bulletin board, internet, or exchange format involving computers unless specifically approved by the United States Probation Officer.

5. The defendant shall not possess or use a computer at all without the approval of the Probation Officer.

6. The defendant shall not obtain new credit without approval of the Probation Officer.

7. The defendant shall work a minimum of 40 hours per week at a lawful occupation.

8. The defendant shall surrender any income tax refunds received during supervised release to the United States District Court, Middle District of Alabama, to be used for the repayment of restitution owed in this case.

9. The defendant shall pay restitution to the victims in this case at a scheduled payment of $300.00 per month until the balance of $23,245.00 is paid in full.

DEFENDANT: ALTON MITCHELL
CASE NUMBER: 3:02-cr-00168-T

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $ 100.00      | $ 0.     | $ $26,766.68    |

Assessment and Restitution imposed at original sentencing on March 14, 2003. Restitution balance: $23,245.00

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| SEE ATTACHMENT    |                 |                         |                            |
| TOTALS            | $               | $ 26,766.68             |                            |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ATTACHMENT: SHEET 5 - CRIMINAL MONETARY PENALTIES
DEFENDANT: ALTON MITCHELL
CASE NUMBER: 3:02CR00168-001

**The defendant shall make restitution to the following payees in the amount listed below:**

| NAME OF PAYEE | AMOUNT |
|---|---|
| Willy Amos | $390.00 |
| Bharat Bhavsar | $954.00 |
| Linda Blunt | $53.00 |
| Donald Boice | $281.13 |
| Kathy Jo Bowman | $325.05 |
| Carolann Butala | $5.50 |
| Jeffrey Cantrell | $545.00 |
| David Chell | $1,175.00 |
| Jung Choi | $355.00 |
| James Cohen | $239.00 |
| Rhonda Cole | $236.00 |
| Joseph Delli Gatti | $275.00 |
| Allessandro DiBella | $750.00 |
| Andrea Duckworth | $450.00 |
| Lisa Ellis | $75.00 |
| Jeffrey Felburg | $364.00 |
| Michael Freedlund | $280.01 |
| Rachel Gifford | $250.00 |
| Gregory Haakinson | $732.00 |

| | |
|---|---|
| Tammy Holtzclaw | $340.00 |
| Billy Horton | $140.00 |
| Richard Howe | $655.00 |
| Laura Hunsinger | $21.64 |
| John Jansma | $925.00 |
| Nicole Johnson | $65.57 |
| Paul Kao | $792.50 |
| Chris Keller | $385.00 |
| John Leonard | $185.00 |
| Janet Livengood | $46.41 |
| William Masters | $160.00 |
| Kirt Motzer | $880.00 |
| Cesar Reyes | $225.00 |
| Nahel Saied | $240.00 |
| Ryan Shannon | $555.00 |
| Benjamin Stafford | $61.50 |
| Timothy Walter | $645.00 |
| James Whoolery | $285.00 |
| Iris Wu | $362.50 |
| Bryan Ahlf | $770.00 |
| Jerry Chamberlain | $530.00 |

| | |
|---|---|
| Serena Chin | $698.34 |
| Eldred Daiger, Jr. | $637.00 |
| Michael D'Antonio | $281.08 |
| Samira Edwards | $265.00 |
| Rene Frances | $8.20 |
| Saul Hernandez | $265.00 |
| Shai Klohr | $360.25 |
| Jim Moffitt | $260.00 |
| Scott Painter | $75.00 |
| Adam Segal | $225.00 |
| Tony Teter | $737.00 |
| George Thompson | $225.00 |
| Dee Tison | $260.00 |
| Suzanne Yell | $744.00 |
| Krista Aranta | $162.00 |
| Janice Blackwell | $12.50 |
| Michele Fontaine | $145.00 |
| Susan Gunn | $160.00 |
| Chitprasong Hansana | $172.00 |
| Stephen Hirsch | $892.00 |
| Heather June | $160.00 |
| Philip Keene | $40.00 |

| | |
|---|---|
| Yasmeen Khan | $505.00 |
| George Kounelias | $275.00 |
| Nicholas Noe | $337.50 |
| Ephraim Oduche | $224.00 |
| Kelli Perfect | $538.00 |
| Jerry Pulliam | $739.00 |
| Huimin Song | $197.00 |
| Andrea Weisberger | $55.00 |
| Heather & William Shuttleworth | $250.00 |
| Rick Frazier | $482.00 |
| YAHOO. Com<br>(Reimbursement Janet Livengood) | $250.00 |
| eBay.Com<br>2145 Hamilton Ave.<br>San Jose, CA 95125<br>Attn: Fraud Department<br>(Reimbursement to Andrea Duckworth) | $125.00 |

AO 245D  (Rev. 12/03) Judgment in a Criminal Case for Revocations
         Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:     ALTON MITCHELL
CASE NUMBER:   3:02-cr-00168-T

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ __26,866.68__ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below); or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

F  X  Special instructions regarding the payment of criminal monetary penalties:

       All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. Any balance of the restitution remaining at the start of supervision shall be paid at the rate of $300 per month.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.